UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BRAIDLOW, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-982 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Douglas Braidlow to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In this case, movant pled guilty to conspiracy to distribute and intent to distribute 500 grams or more of methamphetamine (Count I) and to conspiracy to tamper with a witness by

attempted murder (Count VI). When calculating movant's base offense level under the United States Sentencing Guidelines, the Court applied the Section applicable to Count I, Section 2D1.1(c), which refers to the Drug Quantity Table, because the level in 2D1.1(c) was the higher of the two applicable levels. Section 2D1.1(c) does not contain an enhancement for prior "crimes of violence." Additionally, movant's sentence was not enhanced under the ACCA or Chapter Four of the Guidelines. That is, movant's sentence is not affected by the holding in *Johnson* because his sentence was not enhanced for any prior "crime of violence." Therefore, the motion is denied. *See* 28 U.S.C. § 2255 Rule 4.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that counsel's motion to withdraw [ECF No. 4] is **GRANTED**.

So Ordered this 30th day of August, 2016.

                                                                                    *[signature: E. Richard Webber]*

                                                                                    E. RICHARD WEBBER
                                                                                    SENIOR UNITED STATES DISTRICT JUDGE